UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VANOCUR REFRACTORIES LLC, | ) | CASE NO.:  1:23-cv-2162 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| FOSBEL, INC., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

Before the Court is Plaintiff's Motion for Leave to Amend the Complaint.  (Docs. 45, 46.)  Defendant opposed the motion (Doc. 47), and Plaintiff replied (Docs. 48, 49).[1]  Also fully briefed is Defendant's Motion for Leave to File a Sur-Reply.  (Docs. 53, 54, 55.)  For the reasons stated below, Plaintiff's motion is GRANTED and Defendant's motion is DENIED.

**I.     Background**

On September 8, 2023, Plaintiff Vanocur Refractories LLC ("Vanocur" or "Plaintiff") filed this action against Defendant Fosbel, Inc. ("Fosbel") in the Western District of New York.  On November 6, 2023, the case was transferred to this District.  (Docs. 9, 11, 12.)  On December 21, 2023, Fosbel moved to dismiss the complaint and to stay proceedings pending resolution of the motion to dismiss.  (Docs. 25, 26.)  Pursuant to Local Patent Rules ("L.P.R."), discovery commenced when Fosbel filed its motion to dismiss.  The parties have engaged in discovery and otherwise complied with the L.P.R.

---

[1] Pursuant to the Court's August 27, 2024 Order (Doc. 44), Plaintiff's briefing is filed under seal. (Docs. 45, 49.)  This Order will cite to the redacted versions.  (Docs. 46, 48.)

On January 3, 2024, Vanocur served its first set of interrogatories and requests for production of documents on Fosbel. (Doc. 47 at 1411.)[2] On January 22, 2024, Fosbel filed its answer to the initial complaint. (Doc. 32.) In response to various allegations, Fosbel stated it "was incorporated on or around October 17, 2018, and did not acquire the assets of Ceramic Holdings, Inc. until March 2019." (*Id.* ¶¶ 84-88.)

On February 5, 2024, in its initial noninfringement contentions, Fosbel asserted:

> While Fosbel has been served, there are numerous allegations in the Complaint and Vanocur's Infringement Contentions which predate Fosbel's existence as an incorporated and operational entity. Fosbel was incorporated in the State of Delaware on October 17, 2018 under the corporate name "FSBL Acquisition, Inc." At that time, a distinct legal entity currently named Ceramic Holdings, Inc. (an Ohio corporation) had been operating with the corporate name "Fosbel, Inc." Several months after its incorporation, Fosbel (then-named "FSBL Acquisition, Inc.") acquired certain assets of Ceramic Holdings, Inc. (then-named "Fosbel, Inc.") through an Asset Purchase Agreement dated March 8, 2019. On March 11, 2019, Fosbel changed its corporate name from FSBL Acquisition, Inc. to Fosbel, Inc. through an amendment to its Certificate of Incorporation. Around this same time, Ceramic Holdings, Inc. changed its corporate name from Fosbel, Inc. to Ceramic Holdings, Inc.
>
> Fosbel did not acquire any liabilities of Ceramic Holdings, Inc. relating to alleged patent infringement. Accordingly, to the extent Vanocur's infringement allegations are based upon acts which occurred before the effective date of the asset purchase agreement, Fosbel is not a proper party to such allegations or any claims based upon such allegations. At this time, Fosbel is not aware whether Ceramic Holdings, Inc. has been served.

(Doc. 46-8 at 1342.) In connection with its initial noninfringement contentions, Fosbel produced the Asset Purchase Agreement ("APA") with Ceramic Holdings, Inc. ("Ceramic Holdings"). (*See* Doc. 46-9, redacted pursuant to Doc. 44.)

Also on February 5, 2024, Fosbel responded to Vanocur's first set of interrogatories and requests for production of documents. In several of Fosbel's responses to requests for

---

[2] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

production, Fosbel objected on the basis that Ceramic Holdings was distinct legal entity from Fosbel.  (*See* Doc. 46-7 at 1230, 1233, 1235-36, 1238, 1240, 1242, 1245, 1311.)  On May 21, 2024, Fosbel served its first set of interrogatories and requests for production to Vanocur.  (Doc. 47 at 1412-13.)

From February 2024 to July 2024, the parties exchanged correspondence and met and conferred regarding the alleged deficiencies in the parties' discovery responses and extensions of time to respond.  (Docs. 46-5, 46-6.)  On May 21, 2024, prior to a meet and confer, Vanocur requested that Fosbel "be prepared to discuss Fosbel's predecessors in interest," as referenced in Fosbel's discovery objections.  (Doc. 47-1 ¶ 23.)

On July 9, 2024, Vanocur informed Fosbel, "Vanocur intends to move to [a]mend its complaint only to add Ceramic Holdings as a party pursuant to Fosbel's Non-Infringement contentions," and attached the proposed amended complaint.  (Doc. 46-6 at 1224.)  On July 12, 2024, Vanocur emailed Fosbel an agenda for a meet and confer, which included reference to "Fosbel's failure to provide any responsive discovery in 6 months and forthcoming motion to compel."  (*Id.* at 1223.)  On July 15, 2024, Fosbel indicated it planned to make an initial document production responsive to Vanocur's first set of requests for production on or around July 19, 2024.  (*Id.* at 1221.)  Fosbel also shared its intention to oppose Vanocur's motion to amend the complaint.  (*Id.*).  In advance of this motion, the parties worked together to file a motion to seal the APA, which was granted.  (*See* Docs. 41, 44.)

The parties have completed all L.P.R. tasks and deadlines leading up to the claim construction hearing, including deposing the parties' claim construction experts, completing claim construction briefing, and filing a joint claim construction and prehearing statement.  (*See* Docs. 27, 38, 40, 42-43, 50-52.)  The claim construction hearing is scheduled for November 7,

3

2024. (*See* Doc. 40.) A case management conference has not been held and no case management order has been entered establishing deadlines beyond the L.P.R. deadlines, meaning a deadline to amend the complaint or add parties has not been set.

Plaintiff filed this motion on August 30, 20204 and attached the proposed Amended Complaint. (*See* Docs. 46-2, 46-3.) The Amended Complaint alleges:

> Defendant, Fosbel Inc., is an engineering company that specializes in refractory repairs, and maintenance in the steel, coke, and glass markets. Defendant Ceramic Holdings practiced the same business before selling its assets relating to that business to Fosbel. As such, to avoid confusion, unless otherwise noted, "Defendants" herein refers to the continuous coke-oven-related business operating as Ceramic holdings before the asset purchase and then Fosbel after.

(Doc. 46-2 ¶ 2.) The Amended Complaint also quotes Fosbel's initial noninfringement contentions. In those, Fosbel asserts it is not a proper party to Vanocur's infringement allegations because Fosbel did not acquire any of Ceramic Holdings' alleged liabilities under the APA. (*Id.* ¶ 29.) Vanocur now seeks to add Ceramic Holdings as a defendant under 35 U.S.C. § 299 "because Fosbel is allegedly a successor in interest as to the accused products in this case and therefore the alleged infringements by both parties arose from the same series of infringing transactions for the same products and there are common questions of fact as to both parties." (*Id.* ¶ 35.) Counts One and Two remain the same against Fosbel. (*Compare* Doc. 1 ¶¶ 129-154, *with* Doc. 46-2 ¶¶ 129-154.) Counts Three and Four add the same claims against Ceramic Holdings. (Doc. 46-2 ¶¶ 155-179.)

4

II.      <u>Analysis</u>

    A.      **Rule 15(a)(2) Standard**

Rule 15(a) indicates that leave to file an amended complaint should be "freely" given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

    B.      **Motion for Leave to Amend**

At issue is whether Vanocur can amend its complaint to add Ceramic Holdings as a defendant to bring the infringement claims against Fosbel and Ceramic Holdings.  In support, Vanocur argues Fosbel (1) had notice because its own non-infringement argument and discovery objections necessitated the amendment; (2) Fosbel will not be substantially prejudiced by adding claims against a different party; (3) there are no arguments for bad faith or prior amendments; (4) Vanocur's timing is reasonable, and delay alone is not a justification for denying this motion; and (5) the amendments are not futile.  (Doc. 46-1 at 1096-1100.)

Fosbel responds that (1) Vanocur's proposed amendments unduly prejudice Fosbel because of significant expense, delay, repetition of fact discovery and claim construction proceedings, and complexity; (2) Vanocur's new claims will require severance due to misjoinder under 35 U.S.C. § 299; (3) and the amendments are futile.  (Doc. 47 at 1417-23.)

In the Sixth Circuit, "delay alone, regardless of its length is not enough to bar [amendment] if the other party is not prejudiced."  *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (quotations and citations omitted); *see also Wade v. Knoxville Utils. Bd.*, 259

5

F.3d 452, 458-59 (6th Cir. 2001) ("Delay by itself is not sufficient reason to deny a motion to amend.  Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.") (quotations and citations omitted).  *Moore v. City of Paducah*, 790 F.2d 557, 560-62 (6th Cir. 1986) (delay alone is not enough under Rule 15(a) when the Defendant will face only "relatively light prejudice")

Vanocur was aware of Ceramic Holdings and the APA by early February 2024, but did not provide notice to Fosbel of its intent to add Ceramic Holdings as a party until early July 2024.  During this five-month period, Vanocur made efforts to obtain information from Fosbel about Ceramic Holdings.  Fosbel objected to providing such information.  Nevertheless, Vanocur states it "spent considerable time investigating Ceramic Holdings."  (Doc. 46-1 at 1099.)  Based on this information, there appears to be no delay in Vanocur's efforts to investigate Ceramic Holdings or evaluate whether Ceramic Holdings should be joined party as a party.

The Court must also assess prejudice to Fosbel. "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994). A party can also demonstrate prejudice by showing it has "insufficient time to conduct discovery of the [added claim]; [it] was unfairly surprised by [the] change of theory; or that [it has] insufficient time to conform [its] pleadings to the [added claim]." *U.S. v. Wood*, 877 F.2d 453, 456–57 (6th Cir. 1989).

Fosbel contends it will be significantly prejudiced because adding Ceramic Holdings "at the tail-end of claim construction proceedings will grind progress in this case to a halt" and will

6

require the parties to repeat L.P.R. requirements and claim construction proceedings. (Doc. 47 at 1410, 1419). However, the cases Fosbel cites in support of its assertion of prejudice are distinguishable. In *Zecotek Imaging Sys. Pte Ltd. v. Saint-Gobain Ceramics & Plastics, Inc.*, No. 5:12-CV-1533, 2014 WL 1912589, at *2-4 (N.D. Ohio May 13, 2014), the plaintiff sought to add claims related to another allegedly infringing product used by the defendant customer but manufactured by a third-party, without adding the third-party manufacturer to the case, and the claim construction hearing already occurred. In *StrikeForce Techs., Inc. v. PhoneFactor, Inc.*, No. CIV.A. 13-490-RGA, 2015 WL 3793726, at *3-5 (D. Del. May 26, 2015), the plaintiff sought to add Microsoft as a party almost two years after filing the initial complaint, after the claim construction hearing, and after the plaintiff had already filed two amended complaints that did not add Microsoft despite knowing about Microsoft at the time of the prior amendments.

Even where amendments might cause some delay, courts permit amendments that add new claims against the defendant or affiliated company where the underlying facts of the added claims are related to already ongoing discovery, the added claims are based on the same or similar technology, and there is sufficient time for discovery. *See Wood*, 877 F.2d at 456–57 (allowing amendment where basis for new claims were not a surprise and where there was sufficient time to conduct discovery related to the claims); *ArcelorMittal Cleveland Inc. v. Jewell Coke Co.*, L.P., No. 1:10-CV-00362, 2010 WL 4922913, at *2 (N.D. Ohio Nov. 24, 2010) (allowing amendment adding claims against defendant and defendant's parent corporation where "underlying factual matter of [the new claims was] identical or similar to the discovery that was already ongoing under the original complaint"); *see also 01 Communique Lab'y, Inc. v. Citrix Sys., Inc.*, No. 1:06CV253, 2014 WL 2506250, at *8 (N.D. Ohio June 3, 2014) (allowing amendment where new claims "involve[d] the same patent and similar technology");

7

*dlhBOWLES, Inc. v. Jiangsu Riying Elecs. Co., Ltd.*, No. 5:21-CV-170, 2022 WL 36465, at *4-5 (N.D. Ohio Jan. 3, 2022) (finding no significant showing of prejudice where claim construction hearing had not occurred and proposed amendment was based on similar and related patents).

Here, Vanocur's proposed amendments are not adding new claims related to another allegedly infringing product or patent—Vanocur is repeating the same claims regarding the same allegedly infringing conduct against Ceramic Holdings based on Fosbel's own assertions under the APA.  Fosbel's attempt to characterize the amendment as "adding a new, unrelated defendant with separate alleged acts of infringement and accused products" is unpersuasive.  (Doc. 47 at 1420.)  Based on its review of the proposed amendments, the Court concludes that Vanocur is seeking to assert liability for the same conduct alleged in the original complaint and seeking discovery it has already requested but has not received from Fosbel.  The Court does not find Fosbel will be substantially prejudiced where the amendment does not add any new claims against Fosbel, the scope of discovery will remain unchanged, deadlines beyond the L.P.R. have not been established, the claim construction hearing has not occurred, Fosbel previously sought a stay, and Fosbel cannot claim surprise.  Although amendment will delay the case, it is warranted given Fosbel's noninfringement contentions and discovery objections.

Additionally, judicial economy weighs in favor of allowing the amendments where the amendments are based on the same allegedly infringing conduct, and Vanocur asserts it will have to file a separate lawsuit against Ceramic Holdings and a motion to compel against Fosbel if leave to amend is denied.  (Doc. 46-1 at 1091; *see also Citrix Sys., Inc.*, 2014 WL 2506250, at *8 ("While the Court does not relish the prospect of further delaying this case, substantial considerations of judicial economy and efficiency ultimately compel the Court to permit the amendment" where plaintiff would have to file entirely new lawsuit); *dlhBOWLES, Inc.*, 2022

WL 36465, at *5 n.4 (where additional patent was closely related to already asserted patent, it was in the interest of judicial economy to dispose of all the claims in one proceeding).)

Additionally, the Court is not persuaded that mirroring claims against Ceramic Holdings will result in misjoinder under 35 U.S.C. § 299. (*See* Doc. 47 at 1418, 1421.) Under § 299(a)(1), accused infringers may be joined as defendants in one action if the allegations arise out of the same transaction or occurrence relating to the same accused product, and there are questions of fact common to all defendants. Here, Vanocur proposes to allege Ceramic Holdings practiced the same business before selling its assets to Fosbel, and the alleged infringement arose from the same "continuous coke-oven-related business operating as Ceramic holdings before the asset purchase and then Fosbel after." (Doc. 46-2 ¶¶ 2, 35; *see also Harrison Prosthetic Cradle Inc. v. Roe Dental Lab'y, Inc.*, 608 F. Supp. 3d 541, 548 (N.D. Ohio 2022) (finding § 299(a)(1) applied where complaint made clear plaintiff's allegations related to the same accused product and action arose out of the same series of transactions).)

Finally, Fosbel argues the amendments are futile. A proposed amendment is futile unless it can survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). "Unless an amendment is plainly futile, arguments regarding the legal sufficiency of the claim are better addressed in the context of a motion to dismiss the amended complaint rather than a denial of leave to amend the complaint. *Rugged Cross Hunting Blinds, LLC v. DBR Fin., Inc.*, No. 1:23-CV-02231, 2024 WL 688755, at *4 (N.D. Ohio Feb. 20, 2024) (quotations and citations omitted). Fosbel asserts "the infringement allegations of the proposed Amended Complaint are the same in all material respects as the initial Complaint and warrant dismissal for same reasons set forth in Fosbel's motion to dismiss," and "Fosbel will move to dismiss Vanocur's amended complaint on substantially similar grounds." (Doc. 47 at 1422, n.2.)

9

Where the proposed amendments are not so obviously futile, and where the party opposing amendment may challenge the sufficiency of the proposed allegations and claims pursuant to Rule 12, the court should—as it does here—permit amendment.

Fosbel further argues the proposed amendments are subject to dismissal for impermissible shotgun-style group pleading because they refer to Fosbel and Ceramic Holdings collectively as "Defendants." (Doc. 47 at 1410, 1423.) However, the proposed amendments clarify that Ceramic Holdings "practiced the same business" as Fosbel before selling its assets and define "Defendants" as "the continuous coke-oven-related business operating as Ceramic holdings before the asset purchase and then Fosbel after." (Doc. 46-2 ¶ 2.) They also specify that Counts One and Two are alleged against Fosbel and Counts Three and Four are alleged against Ceramic Holdings. (*Id.* ¶¶ 129-79.) This is not impermissible shotgun pleading. *See Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392-93 (6th Cir. 2020) ("shotgun pleading" violates Rule 8 because it provides defendants inadequate notice of the claims against them).

C.  **Motion for Leave to File a Sur-Reply**

"[S]ur-replies are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *Loomis v. Unum Grp. Corp.*, 539 F. Supp. 3d 898, 904-05 (E.D. Tenn. 2021) (quotations and citations omitted). "However, a sur-reply may be appropriate when the movant raises new issues in its reply brief, and the decision to permit a sur-reply is one within the Court's discretion." *Id.* Contrary to Fosbel's position, the concept of successor liability was not raised for the first time in Vanocur's reply. It was raised in response to Fosbel's arguments on group pleading, and the proposed amendments include factual allegations that Fosbel is a successor in interest to Ceramic Holdings' assets and the operation of a continuous business. (*See* Doc. 46-2 ¶¶ 2, 29, 35; Doc. 47 at 1423.)

To the extent Plaintiff may have misstated the applicable legal test for successor liability, "it is not the function of a surreply, but the function of the Court to determine whether the parties before it have accurately presented the facts, the opposing parties' arguments, and the applicable propositions of law . . . ." *Loomis*, 539 F. Supp. 3d at 905 (quotations and citations omitted). "The Court is capable of recognizing and disregarding any factual [and legal] misstatements made in the parties' filings.  There is no need for further briefing." *Hayden v. 2K Games, Inc.*, 629 F. Supp. 3d 736, 750 (N.D. Ohio 2022).  Further briefing on the correct test for successor liability will not aid the Court's assessment of Vanocur's motion for leave to amend, and such arguments are better suited to a dispositive motion.

### III. Conclusion

For the reasons stated herein, Plaintiff's motion for leave to amend the complaint (Docs. 45, 46) is GRANTED, and Defendant's motion for leave to file a sur-reply (Doc. 53) is DENIED.  Defendant's motions to dismiss and to stay (Docs. 25, 26) are denied as moot. Plaintiff must file its amended complaint within 5 business days of this Order.  The November 7, 2024, claim construction hearing is cancelled.

**IT IS SO ORDERED.**

Date: October 24, 2024

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

11